Filed 10/27/25  In re N.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re N.C., a Person Coming Under the Juvenile Court Law. | C103821 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>N.C.,<br><br>Defendant and Appellant. | (Super. Ct. No. JJC-JV-DE-2024-0001101) |

Appointed counsel for minor N.C. filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to minor, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2023, a police officer was dispatched to a high school in response to a report that minor had live ammunition in his backpack. A campus security monitor had searched minor's person and located a clear, plastic bag containing ammunition. The officer searched minor's backpack and discovered what appeared to be a loaded firearm with live rounds in the magazine.[1]

The prosecution filed a juvenile wardship petition alleging that minor came within the jurisdiction of the juvenile court because he had committed the crimes of possession of a weapon on school grounds and possession of live ammunition by a minor.

Minor admitted to possession of live ammunition. The juvenile court adjudged him a ward of the court under the rules of probation.

In April 2025, police officers responded to a report that a group of people were walking through a neighborhood, one of whom was armed with a firearm and had fired several rounds. The officers located the group, which included minor. A semiautomatic firearm was discovered in minor's possession during a patdown search. The firearm was consistent with shell casings recovered from the area and had a smell that indicated it had recently been fired.

The prosecution filed a second juvenile wardship petition alleging minor had committed the crimes of discharging a firearm in a grossly negligent manner and possession of a firearm by a minor.

Minor admitted to possession of a firearm. The juvenile court declared minor would be continued a ward of the court and committed him to juvenile hall for 90 days.

Minor appeals.

---

[1] It was later determined to be an Airsoft pistol, not a firearm.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Minor was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and minor has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to minor. Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MAURO, J.

/s/_____
KRAUSE, J.